HIRAM BARKER & others *vs.* INHABITANTS OF WATERTOWN.

Middlesex.    March 18. — May 10, 1884.    DEVENS & COLBURN, JJ., absent.

A firm, one member of which resided in B. and the other in N., had an office in B., where its books were kept, and in which it also kept a small stock of goods as samples, and for the accommodation of retail customers.    It had three factories where its goods were made, one in B., one in N., and one in W.    The goods made at the factory in W. were put into an adjacent storehouse, and there kept until sold.    Nearly all the sales were made on orders received at the office in B., and one of the partners went each day to one or another of the factories, and shipped the goods from those there stored direct to the customers.    *Held,* that the firm had a "place of business" in W., and the goods made and stored there were "employed" in its business, and were taxable there, under the Pub. Sts. c. 11, § 24.

CONTRACT to recover the amount of a tax assessed on personal property of the plaintiffs, and paid under protest.    The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, in substance as follows:

On May 1, 1882, when the tax was assessed, the plaintiffs were partners and manufacturers of and dealers in starch.    One of the partners resided in Boston, and the other two in Newton.    They owned a building in Boston, most of which was rented for stores, the firm reserving one room for its own business, and keeping a small supply of starch there, usually, and on said first day of May not exceeding $75 in value, as samples, and for the accommodation of retail customers.    All the book-keeping, correspondence, and banking relating to the sale of goods were done at this place of business.

The firm owned and operated three factories for the manufacture of starch, one in Boston, one in Watertown, and one in Newton.    The goods made at Watertown were put in a storehouse adjacent to the factory, and there kept until sold.    Nearly all the sales were made on orders received at the place of business in Boston, and it was the custom for one of the partners to go each day, with the orders received, to one or another of the factories, and ship the goods from those there stored direct to the customers.    The bills and the collections for such sales were made in Boston.

The tax sought to be recovered was assessed upon starch made at the factory in Watertown, and on the first day of May there stored, as above stated, to await sale. Said property was taxed both in Boston and Watertown, and the taxes thereon have been paid in both places under protest.

If, upon these facts, the goods were liable to taxation in Watertown, judgment was to be entered for the defendant; but if taxable in Boston, judgment to be entered for the plaintiffs for the amount claimed, with interest from the date of the writ.

*A. J. Bailey & C. S. Ensign*, for the plaintiffs.

*J. B. Goodrich*, for the defendant.

C. ALLEN, J. The plaintiffs had a "place of business" in Watertown, within the meaning of the statute, namely, à factory where they made starch, which was put into an adjacent storehouse and there kept till sold. They did business there every day. The case is not like *Little* v. *Cambridge*, 9 Cush. 298, in this respect. The property in question was employed in the plaintiff's business in Watertown, and was properly taxable there, under the provisions of the Pub. Sts. *c.* 11, § 24.

*Judgment affirmed.*