INHABITANTS OF DUXBURY *vs.* COUNTY COMMISSIONERS
OF PLYMOUTH.

Plymouth.    October 18, 1898. — January 6, 1899.

Present: FIELD, C. J., KNOWLTON, BARKER, & HAMMOND, JJ.

*Abatement of Tax — Partnership — " Place of Business."*

The fact that boards sawed by partners in D., where they own a permanent sawmill, dam, and mill privilege, are box boards, and are mainly used by them in the manufacture of boxes at their box factory in H., does not change the principle that they have a place of business in D.; and the personal property employed in that business is rightly taxed to the partnership in D. under Pub. Sts. c. 11, § 24.

PETITION for a writ of certiorari, praying that the respondents certify their records relating to a certain appeal from an assessment of taxes, to the end that so much thereof as was illegal might be quashed. Hearing before *Barker*, J., who reported the case for the consideration of the full court, in substance as follows.

The members of the business partnership of Lot Phillips and Company resided in the town of Hanover, where they had a box factory, wherein they manufactured boxes. In the town of Duxbury the firm owned a permanent sawmill, dam, and mill privilege, and in the sawmill they sawed large quantities of logs into box boards, and used the boards so sawed mainly at their box factory in Hanover in making boxes.

On May 25, 1895, the firm made due return of property for taxation, pursuant to St. 1894, c. 294, to the assessors of Duxbury. They were assessed in Duxbury for their real estate situate therein, and also for wood, boards, and slabs at the sawmill. They duly appealed to the county commissioners from the assessment, and so much of the tax assessed upon them for the year 1895 as was assessed upon the wood, boards, and slabs was abated.

If, upon the foregoing facts, the wood, boards, and slabs were stock employed in the business of manufacturing in Duxbury, and the sawmill where the logs or wood were sawed into boards and slabs was a manufactory within the provisions of Pub. Sts.

c. 11, § 20, cl. 1, or if the sawmill was a place of business within the provisions of Pub. Sts. c. 11, § 24, the writ of certiorari was to issue; otherwise, the petition was to be dismisssd.

*A. Lord*, for the petitioner.

*H. Kingman*, for the respondents.

FIELD, C. J. We are of opinion that the partnership of Lot Phillips and Company had a place of business in Duxbury, and that the personal property employed in that business was rightly taxed to the partnership in Duxbury, under Pub. Sts. c. 11, § 24. If the partners had been accustomed to sell at the mill in Duxbury the boards and slabs which they sawed from logs in the "permanent sawmill, dam, and mill privilege" which they owned there, we should have no doubt that they were engaged in business there within the meaning of the section. The fact that the boards sawed were box boards and were mainly used by the partners in the manufacture of boxes at their box factory in Hanover does not, we think, change the principle. The section provides that, "If partners have places of business in two or more towns, they shall be taxed in each of such places for the proportion of property employed therein." See *Barker* v. *Watertown*, 137 Mass. 227.

It is unnecessary to consider whether the property was taxable in Duxbury under Pub. Sts. c. 11, § 20, cl. 1.

*Writ of certiorari to issue.*